102]          *SEATON *v.* CORDRAY, STOUGH AND LEONARD.

Trespass by relation—proof of judgment and execution—lawyers—officers.

The fact of a judgment must be proven by the record or a transcript.
An execution not returned must be exhibited in evidence, or the omission to produce it accounted for.
After a cause is submitted to the jury, it is too loose a practice to admit new evidence merely because counsel have misapprehended the law.
A trespassee, by relation, must be connected with the act complained of. A

Seaton *v.* Cordray, Stough and Leonard.

lawyer, by advocating the cause of his client, and suing out an execution, cannot be charged with trespass by relation for the acts of the officer on the execution.

TRESPASS de bonis aspertatis. The defendants pleaded that *Cordray* recovered a judgment before *Stough,* a justice of the peace, for 20 dollars and costs, and *Leonard,* his lawyer, sued out an execution upon the judgment, and gave it to the constable to execute, who levied upon the goods of the plaintiff. To this there was a general demurrer and joinder.

*Goodenow,* for the demurrant.

*S. W. Culbertson,* contra.

BY THE COURT. Without examining particularly the points raised in the discussion, or deciding them, .there appears to us a palpable defect in the structure of this plea, which is fatal to it. It sets up a levy and sale at the *same time,* without advertisement or allegation that the sale was at auction. The sale described in the plea is a *private sale,* though stated to be by a constable, of goods taken in execution. Such sale is not warranted by law. The demurrer must therefore be sustained.

The defendant then asked and obtained leave to amend his pleadings, which was granted, on his paying all the costs since the defective plea was filed. He pleaded instanter the general issue, and gave notice for Stough and Cordray, of a judgment before Stough as a justice in an action on the case against the plaintiff for a penalty, in attending a sale upon an execution issued by him as a justice, and that on this judgment an execution issued and was levied on the goods of the defendant in execution, the plaintiff, which is the trespass complained of.

On trial it was proven that the plaintiff's goods were taken by the constable under the direction of Stough, the justice, as he said, upon a judgment in favor of Cordray, and that Leonard acted as lawyer for the plaintiff.

*Goodenow* asked the Court to instruct the jury that there was no evidence of a judgment and execution, or of the justification under the notice.

*S. W. Culbertson,* for the defendant, contended that the defendants, Stough and Cordray, were justified under the notice, but was stopped.

*BY THE COURT. There is no legal evidence before [**103**

105

the jury of the judgment and execution mentioned in the justification. The judgment must be proven by the record or transcript; the execution, if not returned, must be produced or accounted for. That the plaintiff's witnesses spoke collaterally of the judgment and execution does not vary the question, or dispense with affirmative proof of the justification.

*Culbertson* then asked leave to introduce other evidence.

BY THE COURT. It would be introducing too loose a practice to let in proof at this time, after the cause is submitted to the jury, merely because counsel have mistaken the law.

*Culbertson* then argued to the jury on the general issue.

*Goodenow* replied.

BY THE COURT, to the jury. The act complained of was done by Sargeant, the constable. The plaintiff seeks to make the defendants liable for the act of Sargeant, by relation. He claims that there was a judgment in favor of Cordray, which Stough rendered, and that the defendants procured the judgment, the execution and the levy, and so were trespassers. The plaintiff has introduced no evidence of the judgment. If he would rely upon one, he must prove it by the record, as, on his application, we have just determined the defendants must, if they would justify under it. As to Leonard, there is no proof of any kind against him. He appeared before a justice as an attorney, and advocated his client's cause. That act does not make him a trespasser, by relation to the constable.

Verdict and judgment for the defendants.